1   WILLIAM V. O'CONNOR (BAR NO. 216650)
    WOConnor@mofo.com
2   JESSICA A. ROBERTS (BAR NO. 265570)
    JRoberts@mofo.com
3   MORRISON & FOERSTER LLP
    12531 High Bluff Drive, Suite 100
4   San Diego, CA 92130
    Telephone:  858.720.5100
5   Facsimile:   858.720.5125

6   Attorneys for Defendant
    COUNTY OF RIVERSIDE

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11  DESERT JET CENTER, LLC, a          Case No. 5:17-cv-1965-AG (GJSx)
    California limited liability company,
12                                     **DEFENDANT COUNTY OF**
                    Plaintiff,         **RIVERSIDE'S MEMORANDUM**
13                                     **OF POINTS AND AUTHORITIES**
          v.                           **IN SUPPORT OF MOTION TO**
14                                     **DISMISS COMPLAINT**
    COUNTY OF RIVERSIDE,
15                                     Hon. Andrew J. Guilford
                    Defendant.
16                                     Hearing Date:  November 27, 2017
                                       Hearing Time:  10:00 A.M.
17                                     Courtroom:     10D

18                                     Complaint Filed:   September 27, 2017

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................. 1

III.   LEGAL STANDARD ............................................................................ 2

IV.   EACH OF PLAINTIFF'S CLAIMS FAIL ........................................... 2

     A.    PLAINTIFF HAS NOT ALLEGED A SECTION 1983
            VIOLATION BY THE COUNTY ........................................... 2

          1.    Plaintiff Has Not Alleged an Equal Protection Claim ............... 2

                a.    Plaintiff Has Not Alleged Membership in a
                     Protected Class ................................................... 3

                b.    Plaintiff Has Not Alleged a Viable Class of One
                     Theory .............................................................. 3

                c.    Plaintiff Has Not Alleged the County Has
                     Discrimination Based on Policy or Practice for
                     Municipal Liability ............................................ 6

          2.    Plaintiff Has Not Alleged a Due Process Claim ........................ 6

     B.    THE STATE LAW CLAIMS FALL WITH PLAINTIFF'S
            CONSTITUTIONAL CLAIMS ............................................. 7

V.    CONCLUSION ..................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ...................................................................... 2, 5

*Balistreri v. Pacifica Police Dept.,*
 901 F.2d 696 (9th Cir. 1988) .............................................................. 2

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007) ........................................................................... 2

*Boston Executive Helicopters, LLC v. Maguire,*
 196 F.Supp.3d 134 (D. Mass. 2016) ................................................ 4, 5

*Carnegie-Mellon Univ. v. Cohill,*
 484 U.S. 343 (1988) ........................................................................... 8

*Contest Promotions, LLC v. City and County of San Francisco,*
 100 F.Supp.3d 835 (N.D. Cal. 2015) ................................................. 8

*Corey Airport Services, Inc. v. Clear Channel Outdoor, Inc.,*
 682 F.3d 1293 (11 Cir. 2017) ............................................................ 4

*Engquist v. Oregon Dept. of Ag.,*
 553 U.S. 591 (2008) ....................................................................... 3, 4

*Federation of African American Contractors v. City of Oakland,*
 96 F.3d 1204 (9th Cir. 1996) .............................................................. 6

*Hart v. Parks,*
 450 F.3d 1059 (9th Cir. 2006) ............................................................ 6

*Higgins Electric, Inc. v. O'Fallon Fire Protection Dist.,*
 813 F.3d 1124 (8th Cir. 2016) ............................................................ 8

*McCasland v. City of Castroville,*
 514 Fed. Appx. 446 (5th Cir. 2013) .................................................... 7

*Monell v. Dep't of Social Svs. of City of New York,*
 436 U.S. 658 (1976) ........................................................................... 6

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th
   Cir. 2009) .................................................................................................... 2

*Oona R.-S.-by Kate S. v. McCaffrey*,
   143 F. 3d 473 (9th Cir. 1998) ..................................................................... 3

*Village of Willowbrook v. Olech*,
   528 U.S. 562 (2000) ................................................................................. 3, 5

*Washington v. Davis*,
   426 U.S. 229 (1976) ..................................................................................... 3

**Statutes**

28 U.S.C. § 1967 .............................................................................................. 8

42 U.S.C. § 1983 ..................................................................................... 1, 2, 6

**Other Authorities**

Fourteenth Amendment ............................................................................ 1, 3, 7

Rule 12(b)(6) .................................................................................................... 2

United States Constitution Article III .............................................................. 8

1       Defendant County of Riverside (the "County") submits the following

2   memorandum of points and authorities in support of its Motion to Dismiss Plaintiff

3   Desert Jet Center, LLC's ("Plaintiff") Complaint.

## I.    INTRODUCTION

5       Plaintiff cannot make a constitutional case out of a contract dispute.

6   Plaintiff's three causes of action are premised on the theory that Plaintiff has been

7   deprived of its constitutional rights in relation to leases with the County under

8   which Plaintiff admits it has not met its obligations.  Pursuant to 42 U.S.C. § 1983,

9   Plaintiff brings a claim for alleged violations of its equal protection and due process

10  rights under the Fourteenth Amendment.  But §1983 is intended to remedy the

11  government's deprivation of a plaintiff's liberty or property interests, or

12  discrimination *based on improper classifications, such as race*.  Section 1983 is *not*

13  intended to create liability for local governments acting as landlords when tenants

14  fail to abide by the terms of their leases.  Here, Plaintiff's "constitutional claims"

15  amount to nothing more than a landlord-tenant dispute, and Plaintiff has admittedly

16  failed to meet its obligations under the contract.  As a result, Plaintiff's § 1983

17  claim should be dismissed, along with Plaintiff's two state law claims that rely

18  upon it.

## II.    FACTUAL BACKGROUND

20      Plaintiff is a fix-based operator ("FBO") at the Jacqueline Cochran Regional

21  Airport ("Airport").  (Compl. ¶ 1.)  The Airport is owned by the County.  (*Id.* ¶ 10.)

22  Plaintiff has entered several leases with the County for land at the Airport.  (*Id.* ¶¶

23  2, 13-15.)  Plaintiff entered into its first two leases with the Airport in October

24  2015.  (*Id.* ¶ 13.)  One of these leases required Plaintiff to construct certain

25  aeronautical improvements at the property (the "Long Term Lease").  (*Id.* ¶ 16.)

26  The Long Term Lease required the first phase of these improvements to be

27  completed within a year.  (*Id.*)  When Plaintiff failed to meet this deadline, the

28  County granted Plaintiff an extension.  (*Id.* ¶ 23.)  Plaintiff admits that it still has

not met its construction obligations under the lease. (*Id.* ¶ 30.) Plaintiff seeks a "construction-deadline extension" "so that it may secure financing and fulfill its construction obligations to the County." (*Id.*)

There are other FBOs at the Airport. (*Id.*) Many of these FBOs have been at the Airport longer than Plaintiff. FBO KJ Aviation entered a lease in August 2013—two years before Plaintiff. (*Id.* ¶ 25.) Ross Aviation was assigned a lease in 2013 that dated back to 2009. (*Id.* ¶ 26.) Like Plaintiff, these FBOs have been granted extensions on construction deadlines. (*Id.* ¶¶ 25, 26.) Not every FBO has been granted construction-deadline extensions. (*Id.* ¶ 30.)

## III.   LEGAL STANDARD

A court should dismiss a complaint that fails to plead facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "[L]abels and conclusions" or "a formulaic recitation of the elements" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted fact deductions. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009).

## IV.   EACH OF PLAINTIFF'S CLAIMS FAIL

### A.   PLAINTIFF HAS NOT ALLEGED A SECTION 1983 VIOLATION BY THE COUNTY

#### 1.   Plaintiff Has Not Alleged an Equal Protection Claim

As set out below, to state an equal protection claim, a § 1983 plaintiff must allege either that (a) a state actor intentionally discriminated against it because of membership in a protected class, or (b) it has been intentionally treated differently

from others similarly situated and there is no rational basis for the difference in treatment.  When a municipality is the defendant, the plaintiff must also allege that the discrimination is the result of a municipal policy or practice.  None of these elements are present here.

### a. Plaintiff Has Not Alleged Membership in a Protected Class

As the Supreme Court has recognized, "[t]he central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239 (1976).  Over time, courts have recognized protection for other classes, including, for example, Fourteenth Amendment protection from discrimination based on gender. *Oona R.-S.-by Kate S. v. McCaffrey*, 143 F. 3d 473, 476 (9th Cir. 1998).  But Plaintiff does not allege racial discrimination, or discrimination based on any other identifiable protected class in the Complaint.  (*See generally* Compl.)  Thus, Plaintiff's equal protection claim must be based upon a "class of one."

### b. Plaintiff Has Not Alleged a Viable Class of One Theory

While the Supreme Court has held that a non-protected class can still allege an equal protection claim under a "class of one" theory, Plaintiff does not allege a viable claim here.  An equal protection claim for a "class of one" exists where a plaintiff has been intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

But the Supreme Court has found that there are limitations to such class of one claims. *Engquist v. Oregon Dept. of Ag.*, 553 U.S. 591 (2008).  In *Engquist*, the Court held that "the class-of-one theory of equal protection has no application in the public employment context," because of a "long held view that there is a crucial difference, with respect to constitutional analysis, between the government exercising 'the power to regulate or license, as lawmaker,' and the government

1    acting 'as proprietor, to manage its internal operation.'" *Id.* at 598, 607.

2         Just so here.  The County is literally acting as the proprietor of the Airport.

3    At least one Circuit has found that the government's role as a leasor at airports falls

4    within the exception to the class of one theory.  In *Corey Airport Services, Inc. v.*

5    *Clear Channel Outdoor, Inc.*, the Eleventh Circuit affirmed the dismissal of an

6    equal protection claim from the loser of a five-year contract at Hartsfield-Jackson

7    Atlanta International Airport.  The court noted, "[h]ere, a claim premised on a

8    'class of one' is unavailable to [plaintiff]: the 'class of one' theory is not applicable

9    to government decisions like the ones in this case, decisions 'which by their nature

10   involve discretionary decision making based on a vast array of subjective,

11   individualized assessments.'"  682 F.3d 1293, 1297 (11th Cir. 2012).  Similarly, the

12   granting of a construction-deadline extension includes a vast array of subjective,

13   discretionary, and individualized assessments by the County in its role as landlord.

14   Under these circumstances, Plaintiff cannot bring a class of one claim.

15        But even if Plaintiff could bring a class of one claim, it has not sufficiently

16   alleged that it has been treated differently to others who are similarly situated.

17   Recently, in a highly-analogous situation, a district court dismissed an FBO's

18   complaint that it had been treated differently to another FBO in violation of its

19   equal protection rights.  *Boston Executive Helicopters, LLC v. Maguire*, 196

20   F.Supp.3d 134, 144 (D. Mass. 2016).  Noting that "[p]laintiffs invoking equal

21   protection in a commercial land-use dispute have a significant burden, even during

22   the early stages of litigation, to identify a comparator or comparators similarly

23   situated *in all relevant aspects*," the court found that allegations that the two

24   companies were both FBOs was insufficient.  *Id.*

25        In *BEH*, the court found dismissal appropriate where, "BEH's Amended

26   Complaint simply state[d] that both BEH and Flight Level were commercial tenants

27   at Norwood Airport seeking to do business as FBOs (in other words, the two

28   companies were competitors, not necessarily comparators)."  *Id.*  The court

elaborated, "[t]o the extent that further facts regarding the supposed similarity between the two companies are alleged in the Amended Complaint, they suggest that the companies are *not* in fact similarly situated (FlightLevel, unlike BEH, already controls over 500,000 square feet of ramp space at Norwood Airport; BEH is concededly a new market entrant, while FlightLevel has years of experience as an FBO at Norwood Airport)." *Id.* at n.9.

Like in *BEH*, the present Complaint establishes that there are "competing FBOs at the Airport." (Compl. ¶ 12.) The Complaint also establishes that at least some of the FBOs signed leases before Plaintiff—and therefore have been tenants longer than Plaintiff. (*Id.* ¶¶ 25-26.) Plaintiff alleges that at least two of these tenants had construction requirements in at least one of their leases, but the Complaint does not allege the nature of those requirements, how they were similar to Plaintiff's own requirements, or why the other FBOs failed to meet these obligations. (*Id.* ¶¶ 25-26.) Plaintiff alleges that each of these FBOs, like itself, received some sort of extension of the construction requirement. (*Id.* ¶¶ 25-26.) Plaintiff also admits that not all FBOs at the Airport were granted extensions. (*Id.* ¶ 30.) Thus, Plaintiff's allegations that "[t]he County has intentionally treated DJC differently than other similarly situated parties, including the other FBOs at the Airport, without a rational basis for doing so," is nothing more than a formulaic recitation of the elements and not supported by the required factual allegations. *Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's claim of "intentional" difference in treatment without a rational basis is undermined by its own affirmative allegation that the actions were taken "for reasons that are yet unknown." (Compl. ¶ 4.) Having admitted that it claims to not know the reasoning behind the County's actions, it cannot maintain an action that requires intent. *See Olech*, 528 U.S. at 565.

c.    **Plaintiff Has Not Alleged the County Has Discrimination Based on Policy or Practice for Municipal Liability**

Plaintiff's admission that it does not know the cause of the alleged discrimination is fatal to the Complaint for an additional reason.  It is well-settled that municipalities are liable only for constitutional violations resulting from an official "policy or custom."  A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents—instead it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.  *Monell v. Dep't of Social Svs. of City of New York*, 436 U.S. 658, 694 (1976).

Thus, the Ninth Circuit has affirmed the dismissal of §1983 claims when the plaintiff failed to allege actions pursuant to a government policy or custom.  In *Hart v. Parks*, the Ninth Circuit found the complaint was properly dismissed when plaintiff failed to show "the LAPD has a policy or custom allowing unconstitutional arrests."  450 F.3d 1059, 1071 (9th Cir. 2006).  Similarly, in *Federation of African American Contractors v. City of Oakland*, the Ninth Circuit held that the complaint failed because while plaintiff alleged the county "'failed to comply' with California public bidding procedures, nowhere does the complaint suggest that this alleged failure constituted an official policy or custom of the county."  96 F.3d 1204, 1216 (9th Cir. 1996).

Here, Plaintiff makes the conclusory allegation that the County was "acting under of state law," but Plaintiff alleges that it does not know why the County acted the way it did.  (Compl. ¶ 4.)  In other words, Plaintiff admits there is not "policy or custom" behind the alleged deprivation of constitutional rights that Plaintiff claims to have suffered.  Without factual allegations of action by the County pursuant to an official policy or custom, the Complaint should be dismissed.

## 2.    **Plaintiff Has Not Alleged a Due Process Claim**

While the gravamen of the Complaint is that Plaintiff has been treated

1    unfairly as compared to other FBOs, Plaintiff also makes a weak pass at claiming

2    violations of its due process rights.  In what appears to be a throw away allegation,

3    Plaintiff alleges that "the County has violated DJC's constitutional right to equal

4    protection and due process."  (Compl. ¶ 42.)  But even if Plaintiff alleged more than

5    formulaic violation of its due process rights, this claim would fail.

6         When considering whether a city had violated the Fourteenth Amendment by

7    failing to allow an FBO to continue leasing property at an airport, the Fifth Circuit

8    held that no such claim existed.  In *McCasland v. City of Castroville*, the "essence

9    of Plaintiffs' argument [was] that the city must use fair and non-discriminatory

10   procedures in determining whether to grant airport leases, and that the city has not

11   done so in dealing with them."  514 Fed. Appx. 446, 448 (5th Cir. 2013).  The court

12   recognized that "[t]he threshold requirement of any due process claim is the

13   government's deprivation of a plaintiff's liberty or property interest," but found that

14   no such constitutional interest existed in connection with airport leases.  *Id.* at 448-

15   49.  To the extent that Plaintiff alleges a due process violation in connection with its

16   leases at the Airport, this claim fails for the same reasons as the due process claims

17   in *McCasland*.

18   **B.    THE STATE LAW CLAIMS FALL WITH PLAINTIFF'S**
         **CONSTITUTIONAL CLAIMS**
19

20        As an initial matter, Plaintiff's two state law claims are based on the

21   underlying constitutional claim.  In its first claim for relief, Plaintiff alleges that

22   "[t]he County has acted in violation of DJC's constitutional rights in a campaign to

23   make DJC's compliance with its construction obligations impossible."  (Compl. ¶

24   32.)  In its second claim for relief, Plaintiff alleges that "[t]he County has

25   wrongfully asserted that it is entitled to terminate the Leases, notwithstanding that

26   its actions are in violation of DJC's constitutional and other rights."  (*Id.* ¶ 35.)

27   Because these claims both rely on an alleged violation of constitutional rights, they

28   fail for the reasons outlined above.  But even if Plaintiff had additional reasons for

bringing these claims beyond the alleged constitutional violation, the state law claims must be dismissed because the Court does not have jurisdiction over them. *See Higgins Electric, Inc. v. O'Fallon Fire Protection Dist.*, 813 F.3d 1124 (8th Cir. 2016) (affirming district court's dismissal of state law claims based on lack of supplemental jurisdiction when federal claims, including section 1983 claims, failed).

Plaintiff alleges that "[t]his Court has supplemental jurisdiction over the state law claims herein, pursuant to 28 U.S.C. § 1967, because these state law claims are so related to the federal law claims over which this Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution." (Compl. ¶ 7.) However, a district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." *Contest Promotions, LLC v. City and County of San Francisco*, 100 F.Supp.3d 835, 850 (N.D. Cal. 2015). In fact, the Supreme Court has cautioned that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). That is precisely what this Court should do here.

## V.   CONCLUSION

Because Plaintiff has failed to state a claim for violation of its constitutional rights, the Complaint should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

1

2   Dated:  October 27, 2017          MORRISON & FOERSTER LLP

3

4                                     By:  /s/ William V. O'Connor
                                          William V. O'Connor
5

6                                     Attorneys for Defendant
                                      COUNTY OF RIVERSIDE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28